IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHERYL HAWKINS, Individually, and as Personal Representative of the Estate of Gerald Scott Hawkins, Deceased;<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 4:23CV3068<br><br><br>**FINAL PROGRESSION ORDER (AMENDED)** |

IT IS ORDERED that the joint motion to extend case progression, Filing No. 28, is granted. The unexpired deadlines in the final progression order, Filing No. 22, are amended as follows:

1)  The trial and pretrial conference will not be set at this time. The status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings currently set for September 10, 2024 is <u>continued</u> and will be held with the undersigned magistrate judge on **March 11, 2025** at **9:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2)  The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is December 23, 2024. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by January 6, 2025.

    **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | November 11, 2024. |
| For the defendant(s): | January 13, 2025. |
| Plaintiff(s)' rebuttal: | February 12, 2025. |

4) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is May 13, 2025.

5) The deadline for filing motions to dismiss and motions for summary judgment is July 23, 2025.

6) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is June 16, 2025.

7) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

8) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9) All other deadlines in the final progression order remain unchanged. Any requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

Dated this 13th day of May, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge